SHORTESS, Judge,
dissenting.
I respectfully dissent.
The trial judge’s evaluation of the evidence in this case was clearly wrong. His written reasons state:
Aside from the testimony of Clay Thompson (whose credibility is highly questionable), the only hard evidence that supports plaintiff is the forman’s (sic) report of injury, and even that shows a totally different occurrence than plaintiff describes.
Dale Wright, the employer’s safety manager, conducted an investigation of this accident. He testified that he got his information from Murphy Olivier, plaintiff’s foreman. His version, as set forth in writing in his report, verifies plaintiff’s version of the accident. The foreman’s report of injury was not properly prepared, according to Wright’s testimony, which prompted him to personally discuss the matter with Murphy Olivier. The following colloquy is enlightening:
Q And what did you do at that point?
A That’s when I checked with Murphy Olivier and I checked with Russell to find out exactly what had happened, because the foreman’s report of injury, like I said earlier, had some bland (sic) spaces that wasn’t filled out.
Q Now, I’m going to show you a document that I have marked “Defendant’s Exhibit Six” for identification and ask you without saying what’s in it, ask simply if you recognize that?
A I do.
Q And what is that?
A That’s the Foreman’s Report of Injury.
Q This is the Foreman’s Report of Injury that you received from Murphy Olivier whenever you received it?
A That’s correct.
Q Now — So, you had heard from Jim Hebert and you then set out to put together “Exhibit D-5”; is that right?
*988 A That’s correct.
Q And what did Russell Leger tell you?
A Sir, as I remember it he told me he was in Room 5 drilling a tow when the drill slipped and it hurt his wrist.
Q Did he tell you anything about a hose flying off?
A (No response)
Q Let me ask you this: In “Exhibit D-5” did you write down what he told you?
A Everything that’s in there is what I found out by talking to him and Murphy Olivier.
Olivier’s report is suspect because it contains no blank spaces and is completely filled in; yet Wright, in his testimony, indicated that he had to interview Murphy Olivier because some of the blanks were not filled in. The foreman’s report of injury attached to the deposition of John L. Love, a claims adjuster for GAB who worked on this file, is substantially different from the one introduced into evidence and contains more blank spaces than completed spaces. These very substantial inconsistencies indicate to me that the trial court was clearly wrong in its finding that plaintiff produced no other evidence to substantiate his injury.
With regard to disability, the trial court said,
Even if, for argument sake, it be assumed plaintiff has proven an injury by accident on the job he has failed to prove disability-
Plaintiff’s injury was diagnosed as a fracture of the left carpal navicular and fractures of the middle and ring fingers of the left hand. Two orthopedic surgeons testified by deposition. Dr. Norman B. Morin was of the opinion that the carpal navicular fracture resulted in a 20% partial permanent disability of appellant’s left wrist and that the injury to his hand produced 15% partial permanent disability. Significantly, he felt that the wrist injury would undoubtedly lead to disabling pain with work which required forceful use of his hand and wrist.
Dr. Fred C. Weber, an orthopedic surgeon, to whom plaintiff was referred by defendant, felt that plaintiff had a 25% impairment of the wrist because of pain, but did not feel that plaintiff suffered severe incapaciting pain. However, when asked if he agreed with Dr. Morin’s report that plaintiff’s wrist injury would lead to disabling pain with work which required forceful use of the hand and wrist, Dr. Weber answered yes.
In my opinion, the trial court was clearly wrong in both of its factual findings because this record, when viewed in its entirety, clearly demonstrates that plaintiff proved his case as to injury and disability by a clear preponderance of the evidence. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).